■ Rose Palm, Respondent, v. American Progressive Health Insurance Co., Appellant.— Order entered October 24, 1969, denying motion to dismiss on the ground plaintiff has generally neglected to proceed in the action, unanimously reversed on the law, the facts, and in the exercise of discretion, without costs and without disbursements, and the motion to dismiss is granted. There are here present several reasons compelling dismissal pursuant to CPLR 3216; one is conclusive: the complete absence of an adequate affidavit of merits. The affidavit submitted is notably deficient in that the medical statement, annexed to the attorney's affidavit, is dated prior to the commencement of the action and makes no reference to the plaintiff's alleged mental condition, although that is given as a reason for the attorney's theory of "excusable delay". And the additional excuse for the attorney's delay falls within the category of general "law office failures", which we have repeatedly rejected as an acceptable reason for not honoring in timely manner a 45-day notice, which the attorney herein admits having received. (*Sortino* v. *Fisher*, 20 A D 2d 25; *Rist* v. *234 East 33rd Corp.*, 4 A D 2d 867; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3216.13.) Concur — Stevens, P. J., McGivern, Markewich, McNally and Tilzer, JJ